HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, and STATE FARM FIRE AND CASUALTY COMPANY,<br><br>                    Plaintiffs,<br><br>   v.<br><br>ANDREW JACOBS, et al.,<br><br>                    Defendants. | CASE NO. C14-5512 RBL<br><br>ORDER GRANTING MOTION TO DISMISS<br><br>[DKT. # 17] |

## I. INTRODUCTION

THIS MATTER is before the Court on the Defendants' Motion to Dismiss [Dkt. # 17]. The case involves State Farm's effort to recoup more than $800,000 it paid to Defendants Tacoma Therapy and Tacoma Rehabilitation on behalf of its insureds (and persons injured by its insureds) for massage and physical therapy services. State Farm claims that the entities violated Washington's corporate practice of medicine doctrine and the Professional Service Corporation Act because their owners were never licensed to provide the medical services the entities were providing. The entities were founded in 2006 and 2008 by defendants Andrew and Melanie Jacobs. The Jacobs sold both entities to Defendants Thomas Lagen and Jacob Vranna in 2012 or

ORDER – 1

2013. The entities, Lagen and Vranna[1] seek dismissal of the claims against them, arguing even if their practice was improper, Washington does not provide a private right of action for an insurer to collect a refund on that basis.

## II.   DISCUSSION

### A.   Dismissal Under Rule 12(b)(6)

Dismissal under Rule 12(b)(6) may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A complaint must allege facts to state a claim for relief that is plausible on its face. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). A claim has "facial plausibility" when the party seeking relief "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Although the Court must accept as true a complaint's well-pled facts, conclusory allegations of law and unwarranted inferences will not defeat an otherwise proper Rule 12(b)(6) motion. *Vasquez v. L.A. County*, 487 F.3d 1246, 1249 (9th Cir. 2007); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and footnote omitted). This requires a plaintiff to plead "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*).

---

[1] The Jacobs have not been served, have not appeared, and have not joined in the motion.

**B.     An Insurer Does Not Have a Private Right of Action Under the Corporate Practice of Medicine Doctrine or the PSCA**

Washington's corporate practice of medicine doctrine prohibits corporations from employing medical professionals to practice their licensed professions. *See Columbia Physical Therapy v. Benton Franklin Orthopedic Ass.,* 168 Wn.2d 421, 430 (2010). In other words, medical professionals generally cannot form or work for limited liability entities. The PSCA is a statutory exception to this prohibition. It allows medical professionals to form (and to be employed by) professional (limited liability) services corporations, if and only if all of the corporation's shareholders are themselves licensed to provide the offered medical services. *See* RCW 18.100.010.

For purposes of this motion, at least, it is not disputed that all owners of Tacoma Therapy and Tacoma Rehabilitation were at no time themselves licensed to provide all of the medical services the entities were providing to State Farm's insureds (and for which State Farm was paying). The entities were not within the PSCA's exception to the corporate practice of medicine doctrine, and that doctrine prohibits the entities from operating as they did.

State Farm argues that the remedy for this violation is that it is entitled to a refund of all the claims it paid to the entities for these services over the last eight years. The defendants argue that there is no express or implied private right of action for such a remedy.

As an initial matter, State Farm concedes that the PSCA does not expressly include a private right of action (for anyone, and certainly not for insurers). The issue, then, is whether the private right of action State Farm seeks to assert in this case can be implied.

There are three[2] prerequisites for the Court to determine that the PSCA includes an implied cause of action in this case. And the determination depends in part on the status of the party seeking to assert a private claim based on the statute:

(1) the plaintiff falls within the class for whose benefit the statute was enacted;

(2) the legislative intent behind the statute supports recognizing a private cause of action as a remedy for violations of it; and

(3) implying a private cause of action as a remedy is consistent with the legislation's underlying purpose.

*Adams v. King County*, 164 Wn.2d 640, 653 (2008) (citing *Bennett v. Hardy*, 113 Wn.2d 912, 920–21, (1990)). Courts are reluctant to imply a private cause of action absent evidence of clear statutory intent. *See, e.g.*, *Roe v. Teletech Customer Care*, 152 Wn. App. 388 (2009) ("by enacting [the Medical Use of Marijuana Act] voters did not intend, explicitly or implicitly, to create a civil cause of action"); *Davenport v. Washington Education Ass'n*, 147 Wn. App. 704, 721 (2008) (holding that the revised Educational Employment Relations Act could not "serve as the basis for a new private statutory cause of action").

State Farm argues that several Washington cases support its claim that the PSCA implies a private right of action. None, however, remotely address the situation in this case: an insurer seeking a refund of payments it made on behalf of patients over time.

State Farm relies primarily on *Columbia Physical Therapy v. Benton Franklin Orthopedic Ass.*, 168 Wn.2d 421 (2010)—indeed, it describes the case as the "most decisive opinion" on this issue. There, Benton's shareholders were medical doctors, and the company also provided physical therapy services to its patients. Columbia (a competitor) sued, claiming that Benton was violating the PSCA. The Washington Supreme Court described violations of the

---

[2] The second and third elements are obviously closely related.

corporate practice of medicine doctrine and its statutory exception, the PSCA, as "independent causes of action"—an off-hand remark that forms the backbone of State Farm's claims— but State Farm concedes that it did not otherwise discuss or analyze whether the PSCA includes an implied private right of action.  And it is clear that *Columbia* did not *hold* that there was such a right; instead, it held (unremarkably) that Benton's physician shareholders did not violate the PSCA by providing physical therapy services.  *Id.* at 438.  *Columbia* provides no support whatsoever for the claim State Farm seeks to assert in this case.

State Farm also relies on *Morelli v. Ehsan*, 110 Wn.2d 555 (1988) and *Fallahzadeh v. Ghorbanian*, 119 Wn. App. 596 (2004).  But both of those cases involved intra-partnership disputes between the licensed medical provider and his unlicensed partner.  In each case, the Court refused to enforce the contract in dispute because it was not within the PSCA's limited exception to the common law prohibition against the corporate practice of medicine, and was therefore void. Neither of these cases support the conclusion that the PSCA implies a private right of action for violations of it, and they certainly do not support the claim that the PSCA implicitly permits an insurer to obtain a refund for services that were already rendered.

The fact that no case has addressed the issue does not, however, necessarily mean that the PSCA does not implicitly permit State Farm to seek such a remedy.  To ascertain whether there is such a right, the Court must address the test described above.  The Court must first determine whether State Farm is "within the class for whose benefit the statute was enacted" and whether implying such a right is consistent with the corporate practice of medicine doctrine and PSCA's underlying purpose.

State Farm's articulation of this purpose recognizes—concedes—that it was designed primarily to protect patients (and the doctor-patient relationship) from the "evils" of lay participation in the practice of medicine:

> Simply put, the ethical obligations to clients or *patients* should not be compromised by obligations to shareholders. "One who practices a profession is responsible directly to his *patient* or his client. Hence he cannot properly act in the practice of his vocation as an agent of a corporation or business partnership whose interests in the very nature of the case are commercial in character." *State ex rel. Standard Optical Co. v. Supr. Ct. for Chelan Cnty.,* 17 Wn.2d 323, 331-332 (1943) (quoting *Ezell v. Ritholz,* 188 S.C. 39, 198 S.E. 419, 424 (S.C. 1938)).

*See* Dkt. # 18 at 6-7, 9 (emphasis added). The doctrine (and its limited statutory exception) benefits and protect patients (and, perhaps, the public generally). No Washington case suggests that an insurance company is "within the class of persons" that the prohibition was intended to protect.

Nor has State Farm demonstrated that its claim is consistent with the PSCA's legislative intent. Nowhere does the statute support permitting an insurer to "claw back" payments it already made for its insureds' medical care.

Rather than suggesting that the PSCA can or should be enforced by insurers or other private entities, the statute and the regulations under it instead expressly provide that it is to be enforced by the state. *See generally* RCW 18.130.040, 18.130.050, 18.235, *et seq*. And while there is a "private" right of action to enjoin an entity from providing medical care in violation of the PSCA, even that claim must be brought "in the name of the State of Washington." RCW 18.130.185.

Finally, State Farm argues that other jurisdictions permit insurers to assert the claim it seeks to assert here, and that this Court should follow suit. But this persuasive authority is hardly uniform, and is not in fact persuasive. The New York cases, for example, relate to a different question (whether insurers may withhold payment for medical services provided by

fraudulently incorporated enterprises), which was answered by reference to specific regulations permitting such a refusal under New York's no-fault insurance system. *State Farm Mut. Auto. Ins. Co. v. Mallela*, 4 N.Y.3d 313 (2005). That authority does not persuade the Court to recognize an implied private right of action for a refund, under in an entirely different statutory and regulatory scheme.

As the Defendants point out, Michigan does not expressly authorize a private right of action. It does not recognize an implied one, either:

> Relevant to this case, no insured person could obtain medical treatment without undertaking a laborious inquiry into whether the entity providing treatment has complied with every applicable corporate statute and regulation. Whether an insured person could obtain benefits would largely depend on the ingenuity of lawyers in ferreting out aspects of corporate non-compliance with applicable statutes.

*Miller v. Allstate Insurance Company*, 751 N.W.2d 463, 471 (Mich. 2008). [See Dkt. # 19 at 2].

Minnesota's Supreme Court similarly concluded that "permitting insurance companies to avoid liability under their insurance contracts does little to protect patients from the 'specter of lay control over professional judgment.'" *Isles Wellness Inc. v. Progressive Northern Ins. Co.*, 725 N.W.2d 90, 94 (Minn. 2006). It also held that if the corporations violations were egregious enough, they might warrant a determination that its contracts were void as against public policy—permitting an insurer to refuse to reimburse the provider for its insureds' medical care—but even that case does not support the remedy (an after-the-fact refund) sought by State Farm in this case.

The primary purpose of the Washington's PSCA is to prevent non-professionals from having a say in the provision of medical care to patients. It is not clear that even a dissatisfied patient could sue his medical provider for conducting business in violation of the PSCA. But

permitting an insurance company to seek a refund for fees already paid on behalf of a presumably satisfied patient does nothing to advance the purpose of the statute, and is not consistent with it.

State Farm's novel theory that the invalid ownership of a professional service corporation implies a private cause of action for an insurer to recover its payments is unsupported as a matter of law.  The Motion to Dismiss this claim is GRANTED, and all of State Farm's claims against the moving defendants are DISMISSED with prejudice.

### III.   CONCLUSION

The Motion to Dismiss [Dkt. #17] is GRANTED, and all of State Farm's claims against the moving defendants are DISMISSED with prejudice.

IT IS SO ORDERED.

Dated this 28th day of October, 2014.

*(signature: Ronald B. Leighton)*

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE